CITED *in Smith* v. *Abbott,* 2 *Harr.* 368; *Coster* v. *N. J. R. R. & Tr. Co.,* 3 *Zab.* 234; *Race & Bird* v. *Dehart,* 4 *Zab.* 42; *Inhab. of Readington* v. *Dilley,* 4 *Zab.* 215; *State* v. *Cake,* 4 *Zab.* 517 ; *State* v. *Williamstown & Good Intent Turnpike Co.,* 4 *Zab.* 548; *Township of Morris* v. *Carey,* 3 *Dutch.* 404; *Van Wagenen* v. *Hopper,* 4 *Hal. Ch.* 708.

---

### CASE, APPELLANT v. ROWLAND, APPELLEE.

On motion for *Mandamus.*

*Mr. Wurts* moved for a *mandamus* to the Hunterdon Common Pleas, to restore an appeal.

. It appears by the state of the case, that the Court of Common Pleas dismissed the appeal in the above case, because the transcript of the proceedings before the Justice of the Peace, does not state that the cause was tried in Hunterdon county, nor that the Justice before whom it was tried, was a magistrate of that county ; although all the other papers sent up with the transscript, show both facts.

*Mr. Wurts* contended that the filing of the appeal bond, gives jurisdiction to the Court of Common Pleas, and supersedes the judgment, without reference to any transcript.   *Harr. Comp.* 6, *sec.* 6 ; *Elmer's Dig.* 291 ; 5 *Halst.* 286 ; *Vandoren* v. *Vandoren.*

*H. W. Green, contra.* This transcript is not a record. It contains no certificate of being a copy from any docket, nor from what state, county, or Court of small causes it came. At common law, it is neither a record nor exemplification of one. The statute, *Rev. L.* 641, *sec.* 41, requires a book or docket to be kept, copies of which are to be certified. The paper sent up

as a transcript, has a certificate appended, that "the above is a true copy of the above proceedings had before me," without stating it to be a copy of the record or docket of a justice.

The Common Pleas were right in dismissing the appeal.

*Wurts in reply.* Whether the transcript be a record or not, at common law, is immaterial. It is not pretended to be such a record. All that the statute requires, is a copy of the proceedings before the Justice. The Common Pleas do not on appeals, sit as a Court of Error; they are to re-try the cause upon its merits. 3 *Green*, 470. The certificate is no part of the record. The summons and demand, both set forth the county, and the office of the justice.

PER CURIAM. Few transcripts set forth the county in which the cause was tried, or the official character of the officer who tried it. Nor is it requisite. This transcript is sufficient.

*Let a Mandamus be issued.*